IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| GERARDO PEREZ CORDERO, | § |
| Petitioner, | § § § |
| v. | §  CAUSE NO. EP-26-CV-720-KC |
| PAMELA JO BONDI et al., | § § § |
| Respondents. | § § |

### SHOW CAUSE ORDER

On this day, the Court considered Gerardo Perez Cordero's Petition for a Writ of Habeas Corpus, ECF No. 1-1, and Motion to Proceed In Forma Pauperis ("IFP"), ECF No. 1. Perez Cordero is detained at ERO El Paso Camp East Montana detention center in El Paso, Texas. Pet. ¶ 2. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 13–15.

As a preliminary matter, Perez Cordero requests that the Court allow him to proceed IFP and waive the filing fee for his Petition. *See* Mot. 1. To determine whether a litigant qualifies for IFP status, "the central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required. *Id.* In making this determination, courts consider factors such as the movant's present assets, reasonably anticipated income, and necessary living expenses. *Roden v. Texas,* No. 94-cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995). Based on his Motion, Perez Cordero does not list any source of income or any assets. Mot. ¶¶ 2–5. Thus, because Perez Cordero has no

income and no assets, he has made the requisite showing that he is unable to afford the costs of the proceeding.

Perez Cordero entered the United States in 1991 as a Cuban refugee. Letter 1, ECF No. 1-1. At some point Perez Cordero committed a crime and was convicted. *Id.* Thus, in 2004, Perez Cordero was ordered removed from the country. Pet. ¶ 13. In 2010, Perez Cordero "started a new life" and "would check in every year with DHS/ICE in Miramar, Florida" and "would renew [his] work pertmit." Letter 2. Perez Cordero alleges that he was detained over nine months ago and has remained in detention since. Pet. ¶ 13. He alleges that he cannot be removed to Cuba or Mexico and that "there is [no] immigration agreement between Cuba and the United States." *Id.*

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto." The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. 28 U.S.C. § 2243.

Generally, when a noncitizen is ordered removed from the United States, removal should occur within ninety days. 8 U.S.C. § 1231(a)(1)(A). That removal period ordinarily begins when the noncitizen is subject to a final order of removal. *See id.* § 1231(a)(1)(B). During this removal period, "the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). The removal period may be extended in at least three circumstances. Relevant here, a noncitizen may be detained beyond the removal period if he is "(1) inadmissible, (2) removable as a result

2

of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order." *Johnson v. Guzman Chaves*, 594 U.S. 523, 528–29 (2021) (citing 8 U.S.C. § 1231(a)(6)).

If any of these grounds apply, the statute imposes no limit on the time a person may be detained. Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

Perez Cordero alleges that he has been detained by ICE for over nine months, and that he cannot be removed to Cuba or Mexico. Pet ¶ 13. If these allegations are true, Perez Cordero likely meets his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 689–90. Thus, Respondents must rebut this showing by either demonstrating that Perez Cordero's removal is likely in the reasonably foreseeable future or deporting him.

Perez Cordero also requests that Respondents be prevented from transferring him outside the District while his case is pending. Pet. ¶ 15. Perez Cordero's transfer to another facility, however, may allow him to be more feasibly removed from the country. Transportation to a different facility would not divest this Court of jurisdiction over the habeas Petition. *See Nguyen*

*v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *3 (W.D. Tex. Nov. 7, 2025). Accordingly, the Court declines to exercise its discretion to prevent transfer at this time.

Accordingly, it is **ORDERED** that Petitioner's Motion, ECF No. 1, is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by <u>no later than March 20, 2026</u>, why the application for a writ of habeas corpus should not be granted and specify:

(1) What concrete steps have been taken to effectuate Perez Cordero's removal,

(2) What obstacles exist to effectuating Perez Cordero's removal, such as issuance of travel documents,

(3) What concrete steps have been taken to address the existing obstacles, and

(4) The anticipated timeline for Perez Cordero's removal from the United States.

The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 13th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE